Darlene VANVOROUS, Personal Representative of the Estate of John VanVorous, Plaintiff–Appellant,

v.

Eric BURMEISTER, Officer, Menominee City Police Department; Paul Anderson, Trooper, Michigan Department of State Police; Daniel Bartell, Trooper, Michigan Department of State Police; and City of Menominee, Defendants–Appellees.

No. 02–1150.

United States Court of Appeals, Sixth Circuit.

April 20, 2004.

Jonny L. Waara, Petrucelli & Petrucelli, Iron River, MI, for Plaintiff–Appellant.

Mary Massaron Ross, Plunkett & Cooney Detroit, MI, Karl A. Weber, Plunkett & Cooney, Marquette, MI, Mark E. Donnelly, Office of the Attorney General, Tort Defense Division, Lansing, MI, for Defendants–Appellees.

Before: GUY and DAUGHTREY, Circuit Judges, and LAWSON,* District Judge.

## PER CURIAM.

Plaintiff Darlene VanVorous, acting as the representative of the estate of John VanVorous, appeals the district court's order granting summary judgment to the defendants, the City of Menominee, a city policeman, and two Michigan state troopers. She challenges the court's determinations that (1) the officers did not use unreasonable force in the shooting death of her son and (2) even if the force used could be regarded as excessive, the officers were entitled to qualified immunity from suit. We find no reversible error and affirm.

The tragic events leading to the death of John VanVorous began with a report to the Menominee police department at approximately 2:00 a.m. that a local gas station had been vandalized. Responding to the call, Menominee police officers eventually spotted VanVorous in the vicinity in a red GMC Jimmy. When the vehicle sped away, the officers gave chase and were joined by members of the state police force as the pursuit extended beyond the Menominee city limits. Officer Burmeister, after initially breaking off the chase, rejoined the attempt to stop VanVorous when the Jimmy came back past his position.

By that time, VanVorous was being followed first by a vehicle with the two state troopers, then by two City of Menominee police cars and, finally, by a third Menominee police cruiser driven by Burmeister. In a further attempt to evade apprehension, VanVorous drove onto a grassy patch of land, fishtailed, and headed back the way he had just traveled. The state troopers followed the Jimmy onto the grass, and the next two police cars in pursuit attempted to box VanVorous in as he drove back toward them. VanVorous, however, was able to maneuver between the two vehicles and continue on his way, just as Burmeister was arriving in the area. Rather than trying to evade the last police car, VanVorous drove eastward in the westbound lane and crashed into Burmeister's vehicle at a speed estimated to have been approximately 14 miles per hour. After the collision, VanVorous continued to rev his engine and began pushing the police cruiser backward. While VanVorous continued to force the cruiser backward toward a ditch, Burmeister jumped from the vehicle and fired his weapon at the

* The Hon. David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

Jimmy numerous times. The two state troopers rushed to the scene, broke the windows on the Jimmy with their flashlights or night sticks, and when that action failed to stop VanVorous, they opened fire on him. VanVorous, unarmed at the time, was killed by the gunfire.

Convinced that the amount of force used to subdue her son was excessive, the plaintiff then filed this suit pursuant to 42 U.S.C. § 1983 against the City of Menominee, Officer Burmeister, and the two state troopers. The district court ruled, however, in response to motions for summary judgment filed by the defendants, that no constitutional violation occurred in this matter because the officers were justified in using deadly force to foil an escape and to restrain an individual they reasonably believed posed "a significant threat of death or serious physical injury to the officer[s] or others." *Tenn. v. Garner*, 471 U.S. 1, 3, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). The district court concluded in the alternative that, even if a constitutional violation had occurred, there was at the time no clearly established law that would have put the officers on notice that firing at VanVorous under the circumstances presented would constitute a violation of his constitutional rights. Consequently, the district court ruled that the individual defendants were at least entitled to qualified immunity from suit on the excessive force claims. Additionally, the district judge dismissed with prejudice the claims against the City of Menominee and the Sixth and Fourteenth Amendment claims against the individual defendants. Finally, in the absence of any viable federal causes of action, the district judge dismissed, without prejudice, the plaintiff's state law claims for relief.

On appeal, Darlene VanVorous challenges only the district court ruling on the Fourth Amendment excessive force claim.

In essence, she submits that, because deposition and other evidence establishes that Burmeister's and the decedent's vehicles were "fused together" and were moving very slowly at the time the shooting commenced, the individual defendants could not have been in fear for their safety. Thus, argues VanVorous, a genuine of issue of material fact has been presented for jury determination and summary judgment in favor of the defendants is improper.

The difficulty with the plaintiff's recitation of sterile statistical evidence is that it fails to take into account the tension inevitably present during the early morning confrontation between the decedent and the defendants in Menominee. As the district court noted, an objective, excessive force analysis must be "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Furthermore, in its written opinion, the court emphasized the uncontroverted evidence that John VanVorous continued to rev his engine while pushing the police car toward a ditch, squealing his tires, creating an enveloping cloud of smoke, and threatening to disengage his vehicle from the cruiser at any moment. In short, in concluding that the defendants' responses were objectively reasonable, the district judge accurately described the inherent danger of the situation facing the city and state police.

Because the relevant case law and the reasons why judgment in favor of the defendants should be entered in this matter have been accurately and adequately identified by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court based on the

reasoning set out by that court in its opinion filed on December 26, 2001.